## TEXAS CO. v. PETERSON et al.
### No. 142.

District Court, D. Nebraska, Lincoln Division.

June 19, 1942.

Ellick, Fitzgerald & Smith and Robert B. Hamer, all of Omaha, Neb., for plaintiff.

Perry, VanPelt & Marti, of Lincoln, Neb., for defendant Winford C. Peterson, Jr.

DELEHANT, District Judge.

In this action plaintiff seeks to recover from the defendants a substantial sum of money allegedly unpaid for gasoline and petroleum products which the plaintiff claims to have sold to the defendants under a contract in writing, which is set out in the complaint. The two defendants are sued in their individual names but

are alleged in the complaint to have incurred the obligation as co-partners under the name and style of W. C. Peterson estate and Peterson Oil Company. Of the defendants, however, only Winford C. Peterson, Jr., has been served with process.

The defendant, Winford C. Peterson, Jr., has filed a motion for more definite statement and for bill of particulars.

■ Bearing in mind that under the prevailing interpretation of Rule 12(e) of the Federal Rules of Procedure in civil cases, 28 U.S.C.A. following section 723c, the motion for more definite statement and for bill of particulars is properly limited to and should be sustained only in, those instances in which the information sought is reasonably necessary to enable the moving party to prepare his responsive pleading, the court has considered the complaint and the motion.

■ Paragraph numbered 1 of the motion asks for an itemized statement of the account for the merchandise sold. A statement of the account is attached as an exhibit to the petition, but it is unitemized and gives no practical details of the account. Specifically, in setting out the debits against the defendants (under the partnership name or names), it merely designates certain months and after each month sets out the gross debits for that month. That seems to the court to be an inadequate itemization for any practical purpose at all.

Paragraph numbered 2 of the motion seeks a statement of the quantity of gasoline and other petroleum products sold and delivered to the defendants. Even for the purpose of preparing a responsive pleading, this information appears to the court to be valuable if not indispensable to the defendants. With a full and explicit statement of the plaintiff's claim before them, they may deny or admit the items of the account with more precision, detail and finality than would be possible in the face of the mere summation month by month of the items.

Therefore, the court is sustaining paragraphs numbered 1 and 2 of the motion.

■ Paragraph numbered 3 of the motion seeks information which the court considers is already sufficiently pleaded. It asks that the plaintiff be required to state whether a certain contract, photographic copy of which is set out as a part of the petition, was executed by the defendants, and, if so, whether said defendants executed said contract as co-partners under the name and style of "W. C. Peterson estate and Peterson Oil Company". The photographic copy of the contract shows signature in the following manner: "W. C. Peterson estate, doing business as Peterson Oil Company, Purchaser, by W. C. Peterson". This manner of signature ought, as the court believes, to be understood in the light of paragraph numbered 2 of the complaint, which alleges that during the time in question, the defendants, as co-partners under the name and style of W. C. Peterson estate and Peterson Oil Company, were engaged in business, etc. It should also be construed in the light of paragraph numbered 3 of the complaint which alleges that the defendants, as co-partners, operating under the names as aforesaid, entered into the contract represented by the copy.

The court considers that the contract is pleaded with sufficient particularity and detail. In fact, the court can hardly understand how the plaintiff's position could be more clearly set forth.

If the pleading defendant desires to traverse either the signature or the legal effect of it, it would clearly appear that he is already in possession of all information which may be useful for that purpose.

■ It is conceivable that what the moving defendant really seeks in paragraph numbered 3 of his motion is an interpretation or construction of the legal effect of the contract's signature. If that be the purpose of the motion, it is clearly not well taken.

Paragraph numbered 3 of the motion is, therefore, being overruled.

Concurrently with the filing of this memorandum, an order is being made and filed in the case in accordance with the memorandum.