## WESTLAND OIL CO. v. FIRESTONE TIRE & RUBBER CO.
### No. 242.

District Court, D. North Dakota, N. W. D.

Feb. 23, 1943.

L. J. Palda, Jr., of Minot, N. D., and S. Robins, of Minneapolis, Minn., for plaintiff.

Nilles, Oehlert & Nilles, of Fargo, N. D., for defendant.

VOGEL, District Judge.

This action arises out of a fire alleged to have resulted in destruction of property and injury to business in the total amount of $150,000. The fire occurred on October 3, 1942. Action was originally commenced in state court on November 3, 1942. It was removed to this court because of diversity of citizenship. On December 9, 1942, the defendant filed in this court a demand and motion to make the complaint more definite and certain and for a bill of particulars. On February 12, 1943, plaintiff filed in this court a motion to dismiss the defendant's demand and motion and for an order requiring the defendant to serve its answer to plaintiff's complaint. Both motions were argued before the Court on February 13, 1943. Counsel desired to submit briefs and, accordingly, have exhaustively covered the various cases in support of their respective positions.

There is involved the interpretation of two of the Federal Rules of Civil Procedure, namely, Rule 8 and Rule 12(e), 28 U.S.C.A. following section 723c. Because of their importance to a determination of the controversy of moment before the Court, those portions applicable are set forth in full.

"Rule 8. General Rules of Pleading

"(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

"(e) Pleading to be Concise and Direct; Consistency.

"(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."

"Rule 12. (e) Motion for More Definite Statement or for Bill of Particulars. Before responding to a pleading or, if no responsive pleading is permitted by these rules, within 20 days after the service of the pleading upon him, a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial. The motion shall point out the defects complained of, and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just. A bill of particulars becomes a part of the pleading which it supplements."

Counsel for plaintiff contend, and there are, indeed, many cases in support thereof, that Rule 8 should operate as an abridgement of the use of Rule 12(e) and that the words "to enable him properly to prepare his responsive pleading or to prepare for trial" mean that a motion for a more definite statement or for a bill of particulars should only be granted when one is unable to properly prepare a responsive pleading. Counsel for plaintiff point out that one court stated in its opinion that the phrase "to prepare for trial" in Rule 12(e) is comprehended in the phrase "to prepare his responsive pleading", and should be strick-

en out of the Rule. Such position has considerable support in the cases. A strict construction of Rule 12(e) is recommended by Mr. Alexander Holtzoff, whose book, "New Federal Procedure and the Courts", has been an especially worthwhile guide to this and, I am sure, to a majority of the Federal Courts. There are, however, many decisions to the contrary.

The Federal Rules of Civil Procedure were drawn by an advisory committee and adopted by the Supreme Court of the United States, and thus become binding upon the Federal Courts, regardless of the views of the individual judges administering them. They were not adopted without debate or opposition, indicating diversity of opinion with reference to their suitability. I am inclined to the view that the Rules mean what they say and that it is the duty of the courts in administering them to give full expression to the clear meaning of the words used without one rule nullifying another. If the words "or to prepare for trial" mean the same as the phrase "to prepare his responsive pleading", which they follow, then they should not have been used. I am disinclined to castigate the Rules. It is not the duty of the courts to so administer them as to emasculate them, nor to give them a meaning clearly contrary to the words used. If a Rule be bad, the remedy therefor lies not with the courts, but with the body clothed with the jurisdiction of making them in the first instance and amending them when that becomes advisable. To this extent do I disagree with the interpretations upon which plaintiff's counsel base their position.

Regardless of the various and conflicting interpretations placed upon these two Rules since their adoption, it seems possible to this Court to give full breadth and meaning to each in applying them to the particular set of facts or circumstances under observation.

Rule 8 provides that a pleading shall be "simple, concise, and direct". When one remembers the technicalities of common law pleading, the ideal aimed at seems most laudatory indeed. It is desirable that pleadings be simple, concise, and direct so that they may be understood and so that they may apprise the opposite party and the court of the position of the pleader and the claim or defense put forth. Simplicity is an excellent achievement in itself, but simplicity overworked becomes a vacuum. The

simplicity, conciseness and directness sought by the Rules were for the purpose of fair, yet full, disclosure of the position of the pleader in simple, concise, and direct language, and should not be used for the purpose of covering it up.

Let us consider plaintiff's complaint in the light of Rule 8. Plaintiff alleges that gasoline was stored in plaintiff's tank by the defendant "pursuant to lease, oral and written agreements and a course of dealings between the plaintiff and the defendant". The lease and written agreements are not identified or attached by copy and nothing of the oral agreements or course of dealings is alleged in substance or otherwise. The plaintiff then alleges that its reliance "on the information and data furnished by the defendant to the plaintiff in performing certain acts in connection with the afore-described unloading of the said railroad tank car was known by the defendant and in the exercise of due care should have been known by defendant's employees and agents in accordance with the usual custom and practice existing for some years prior to October 3rd, 1942, and up to that date." The Court is left completely in the dark as to the information, data, customs and practice referred to. Plaintiff alleges that the gasoline became ignited as the result of "defendant's failure to perform its obligations in accordance with the course of dealings between the plaintiff and the defendant and as a direct result of the defendant's negligent and careless acts preparatory to and during the course of the unloading * * *." and that as the result thereof the conflagration occurred and plaintiff was damaged in the sum of $150,-000.

I do not find in such complaint that simplicity, conciseness nor directness made mandatory by Rule 8. The effect of the complaint, coupled with counsel's argument, is that the defendant owes the plaintiff $150,000, that the defendant knows why, and, therefore, plaintiff prays judgment in such amount.

Plaintiff has seemingly used the simplicity sought by Rule 8 to prevent disclosure of what is involved in the action. I have already stated that the "simple, concise, and direct" pleading sought by Rule 8 was for the purpose of fair, yet full, disclosure of the position of the pleader in simple, concise, and direct language. When that is not achieved the adverse party may then resort to Rule 12(e) providing for an order for a more definite statement or for a bill of particulars of any matter which is not averred "with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial." The defendant has so moved herein and, it seems to me, with just cause.

It is entirely possible, as argued by plaintiff's counsel, that the defendant is apprised fully of what lease is referred to, of what oral and written agreements, course of dealings, usual customs and practice are relied upon by the plaintiff, but the Court is not in that position. The purpose of pleadings is not alone to apprise the adverse party of what is claimed, but also to inform the Court, and I can see no reason for evasion or failure to disclose the grounds relied upon.

Some of the matters demanded in defendant's motion may not technically come within the purview of Rule 12(e). In the interests of justice, however, and in fairness to both parties, and in consideration of the fact that it is desirable that this case be ready for trial for the April term of court, I feel that it would be entirely proper to grant all of defendant's requests rather than to grant only part of them and thus cause more delay by forcing defendant to resort to Rules 33 to 37. I can see no hardship to plaintiff, and plaintiff's counsel have strenuously insisted that this case should be ready for trial for the April term.

An order will be prepared denying plaintiff's motion in its entirety and granting defendant's motion for a bill of particulars as outlined therein.