### BOWLES, Price Administrator, v. YANKEE BREWING CO. et al.

### Civil Action No. 1799.

District Court, M. D. Pennsylvania.

Aug. 30, 1945.

See, also, 62 F.Supp. 588.

Stephen E. Gombar, Acting Dist. Enforcement Atty., of Scranton, Pa., for plaintiff.

Matthew D. Mackie and Raymond T. Law, both of Scranton, Pa., for defendant Ernest E. Ferranti.

S. U. Colbassani, of Scranton, Pa., for defendant Frederick Wilkins.

WATSON, District Judge.

This is an action by the Administrator of the Office of Price Administration for an injunction to enforce compliance and for treble damages arising out of the sales by defendants of domestic malt beverages at prices in excess of those permitted by maximum price regulations. Before answer was filed the defendants filed three motions, two of which were filed by the defendants, Yankee Brewing Company and Frederick Wilkins for a more definite statement or for a bill of particulars. The reasons assigned were similar and the two motions will, therefore, be treated as one for the purpose of this opinion.

It is contended by the defendants that insufficient information has been set forth in the complaint to permit them to calculate the amount of the plaintiff's claim. Plaintiff, in support of the complaint as it stands, cites the decision of this court in Bowles v. Brookside Distilling Products Corporation et al., D.C., 60 F.Supp. 16, as containing a complaint "substantially similar to the Complaint in the case at bar." The "Brookside" complaint read as follows: "5. During the period December 16, 1943 and including January 24, 1944, defendant, Brookside Distilling Products Corporation, sold, delivered and offered to sell to numerous customers one thousand two hundred and twenty-one (1,221) cases of 'Chums' whiskey, one thousand two hundred and seventy-five (1,275) cases of 'Raven Run' whiskey, seventy-five (75) cases of 'Old Brook' whiskey, and five (5) cases of 'Brookside' whiskey in excess of the applicable maximum prices established therefor by the regulation." "6. The prices charged and received by the defendant, Brookside Distilling Products Corporation, on the sales and deliveries made, as heretofore set forth, exceeded the applicable maximum prices set by the regulations by Fifteen Dollars ($15) per case, and the defendant, therefore, received Thirty-eight thousand six hundred and forty dollars ($38,640) in excess of the applicable maximum prices established by the regulations."

It is easily ascertainable in the two averments set out above that the number of cases, type of product and definite amount of overcharge thereon enabled the defendant to determine by comparing the price at which they sold the products mentioned with the price allowed under the regulations published in the Federal Register whether it had, in fact, exceeded the price "ceiling."

In the case at bar the period of time covered is a year as compared with 39 days

in the "Brookside" case. The plaintiff alleges no definite amount of overcharge on similarly indefinite products. The defendant may be presumed to have marketed more than a single "malt product," and a simple reference to "amounts ranging from thirty cents (30¢) per case to fifty cents (50¢) per case" and "seventy-five cents (75¢) and One Dollar ($1) per half barrel" does not advise the defendants of the product in the "case" or "barrel," nor the number of "cases" or "barrels" sold at the claimed overcharge. The plaintiff must have had within its knowledge the specific number and type of product sold in order to arrive at the figure it claims to be due, and it is my opinion that the defendants should be advised of such details.

In Bowles v. Karp et al., D.C., 3 F.R.D. 327, 328, Judge Miller denied a bill of particulars but the complaint gave "the exact dates, the exact number of barrels and proof gallons therein, the name of the brand, the date of distillation, the name of the purchaser and the exact amount in dollars and cents which was paid in each instance." It also gave "in each instance the exact amount in dollars and cents by which the purchase price exceeded the ceiling price" as established by the Regulations. This indirectly answered, as in the case at bar, the part of the defendants' motion which asks that the exact ceiling price be alleged for each transaction.

The motions of both the Yankee Brewing Company and Frederick Wilkins, insofar as the fourth paragraphs of each motion request the plaintiff to set forth the quantity and type of beverage sold, and amount claimed for each above ceiling, are granted, and the plaintiff is directed to file an amended complaint within twenty days from this date setting forth the quantity and type of beverage sold and the amount charged for each above ceiling.