**BOWLES, Price Administrator, v. FLOTILL PRODUCTS, Inc.**

Civil Action No. 4958.

District Court, N. D. California, N. D.

Sept. 21, 1945.

for O.P.A., of Sacramento, Cal., for plaintiff.

Jefferson E. Peyser, of San Francisco, Cal., for defendant.

WELSH, District Judge.

Plaintiff seeks treble damages for alleged violations of the Emergency Price Control Act of 1942, as amended, 50 U.S. C.A.Appendix § 901 et seq.

Defendant made motions to (1) dismiss plaintiff's complaint upon the ground that it failed to state a claim upon which the relief therein sought could be granted; (2) for a more definite statement of the alleged violations by defendant of the maximum prices established by the regulations referred to in said complaint, and (3) for a bill of particulars covering the alleged violations by defendant of the maximum prices established by the regulations referred to in said complaint, the dates on which the persons to whom said defendant is alleged to have sold canned tomato paste in excess of said maximum prices, the amount by which the prices at which canned tomato paste is alleged to have been sold exceeded said maximum prices, and the manner by which three times the amount of such excess over maximum prices as alleged in said complaint to equal $199,985.-22 is computed.

Similar specifications for a bill of particulars were made with reference to canned pear-shaped tomatoes and the sum of $10,251.84 mentioned in count II of the complaint; canned clingstone peaches and the sum of $110,309.37 in count III; and canned asparagus and the sum of $237.45 in count IV.

Said complaint alleges in count I: "At all times mentioned in this Count, Maximum Price Regulation No. 306 (8 F.R. 1114) has been and still is in effect pursuant to Section 2 of this Act, establishing maximum prices, among other things, for processors and canners and primary distributors of fruits and vegetables, tomato products, including tomato paste, pear shaped tomatoes, peaches, and asparagus, and prohibiting the evasion of the price limitations set forth therein by direct or indirect methods."

The charging part thereof reads: "Since the 22nd day of July, 1943, the defendants sold canned tomato paste at prices in excess of those established by said Maximum Price Regulation No. 306. None of the

Frank J. Hennesy, U. S. Atty., of San Francisco, Cal., and E. R. Vaughn, Atty.

purchasers of said tomato paste bought such commodity for use or consumption other than in the course of trade or business. Three times the amount by which the prices charged by the defendants exceeds the maximum prices established by said Maximum Price Regulation No. 306 equals $199,985.22."

Similar language is used in counts II, III and IV.

These allegations are considered sufficient to justify a denial of defendant's motion to dismiss, and it is so ordered.

They are also deemed adequate to comply with the requirement of Rule 8(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that a pleading shall set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and 8(e) that the averments "shall be simple, concise, and direct." The motion for a more definite statement is therefore denied.

However, the motion for a bill of particulars presents a more serious question.

The distinction between a bill of particulars and a more definite statement of the allegations of a pleading is well stated in Walling v. West Virginia Pulp Co., D.C., 2 F.R.D. 416, 419. It is there said that a more definite statement is "to require a pleader to state with definiteness what he first stated vaguely, even if simply and concisely."

The purpose of a bill of particulars is said to be "to enable a litigant to obtain from his adversary pertinent details of such adversary's claim or defense as will protect him against surprise and give notice of the real issues tendered."

This Court believes that there are pertinent details of plaintiff's claim which defendant is entitled to obtain in order to be protected against surprise.

The adjudicated case also contains this pertinent sentence, at page 421 of 2 F.R.D. of the opinion: "A complaint might be drawn with such generality of expression as to comprehend a dozen or a hundred transactions, all within the knowledge of the defendant, but that would not deprive the defendant of the right to know which one or more of the possible transactions the plaintiff bona fide referred to and intended to rely upon." It answers the contention made in plaintiff's brief that the information sought by defendant is peculiarly within its own knowledge.

The allegation of the complaint from which plaintiff claims defendant is to divine what transactions it is charged with having entered into contrary to the statute referred to in the complaint is: "Since the 22nd day of July, 1943, the defendants sold canned tomato paste at prices in excess of those established by said Maximum Price Regulation No. 306." This does not adequately notify the defendant with reference to which transactions plaintiff refers to and intends to rely upon when the case comes to trial.

One section of plaintiff's brief is devoted to the thesis: "This complaint satisfies the requirements of Rule 8 and therefore is not subject to attack by motion under Rule 12(e)." Walling v. West Virginia Pulp Co., D.C., 2 F.R.D. 416, 419, covers this point thus: "Framers of the Rules evidently recognized this fact and foresaw a necessity for a resort to a bill of particulars to enable a party to properly prepare for trial when Rule 12(e) was adopted."

"It is not conceivable that the framers of the Rules intended that Rule 8 should destroy the effectiveness of Rule 12(e), or that Rule 8 should be used by one party to an action to hide from his adversary and the court the real issue or issues ultimately to be tried."

Plaintiff also argues: "If the defendant is entitled to the information sought by it, defendant should be required to utilize the procedures provided for in Rule 16 and Rules 26–37." This, too, is disposed of by the reasoning of Walling v. West Virginia Pulp Co., D.C., 2 F.R.D. 416, 420: "Rule 8 was not intended as a negation of Rule 12(e) any more than Division V of the Rules, dealing with depositions and discovery, was so intended. Quite obviously information obtained by invoking Rule 12(e) can, and often will, do away with the necessity of resort to Division V, or any part thereof."

The purpose of a bill of particulars is well put in Commonwealth v. Chesapeake & O. R. Co., 128 Ky. 749, 110 S.W. 253, 255, wherein it is said to be "appropriate in all descriptions of actions where the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put on trial with great-

er particularity then is required by the rule of pleading."

Similarly in Ditmars v. Interchemical Corporation, 197 A. 257, 258, 16 N.J.Misc. 81, it was stated that the function of a bill of particulars is to obtain detailed information not in the pleadings concerning an opponent's claim, to prepare the answering pleading, and "to apprise the demanding party of what his opponent will prove at the trial, so that the demanding party can be prepared to combat the proof."

Briefly, and pointedly, the Court said in United States v. McKay, D.C., 45 F.Supp. 1001, 1004: "The purpose of a bill of particulars is largely to advise the defendant of what facts, more or less in detail, he will be required to meet." Although that was a criminal case, the language applies here, in view of Rule 12(e) which authorizes a litigant to obtain a bill of particulars "of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial."

The complaint was filed herein on July 21, 1944. Its allegations that defendant sold canned tomato paste, canned pear-shaped tomatoes, canned clingstone peaches, and canned asparagus subsequent to the 22nd day of July, 1943, do not advise defendant "with sufficient definiteness or particularity" to enable it properly to prepare for trial.

All that the present pleading does is advise defendant that some, or all, of its sales of the canned goods mentioned during a year's time were in excess of the maximum prices established by Maximum Price Regulation No. 306. It would not be fair to place upon defendant the burden of preparing proof with respect to all of its sales during the twelve months' period from July 21, 1943, to July 21, 1944, unless every one of them is claimed by plaintiff to have been in violation of said Regulation No. 306.

■ A bill of particulars will disclose specifically which sales plaintiff intends to rely upon. "A bill of particulars is proper to secure a specific statement of the facts and to prevent surprise." United States v. Allied Chemical Corporation, D.C., 42 F. Supp. 425, 428.

A further function of a bill of particulars is mentioned in Westland Oil Co. v. Firestone Tire & Rubber Co., D.C., 3 F.R. D. 55, 57. Plaintiff's counsel therein argued that defendant was fully apprised of the agreements, courses of dealings and other matters relied upon by the plaintiff. It was, however, emphasized: "* * * but the Court is not in that position. The purpose of pleadings is not alone to apprise the adverse party of what is claimed, but also to inform the Court."

A situation somewhat comparable to the present one was involved in Bowles v. National Erie Corporation, D.C., 3 F.R.D. 469, 470, wherein it was held that the complaint insufficiently set out a claim for treble damages and that defendant was entitled to a bill of particulars showing the authorized price schedules, the prices at which defendant sold, the times at which said sales were made and how the sum claimed by plaintiff was made up.

■ Defendant's motion for a bill of particulars is granted to the extent of directing plaintiff to furnish defendant, within 20 days after notice hereof, with an itemized statement of the alleged violations of the maximum prices established by said Regulation No. 306, including the dates on which, and the persons to whom, said defendant is alleged to have made each of the sales, the prices at which defendant so sold, and the amounts by which the prices at which the same are alleged to have been sold exceeded said maximum prices.

It is hereby further ordered that defendant be required to answer within 20 days after service of such bill of particulars.