**BOWLES, Price Administrator, v. SEBAS-TOPOL BERRY GROWERS ASS'N.**

**Civil Action No. 4945.**

District Court, N. D. California, N. D.

Oct. 12, 1945.

W. H. Brunner, of San Francisco, Cal., for plaintiff.

Albert Picard, of San Francisco, Cal., and Libby & Finn, of Sebastopol, Cal., for defendant.

WELSH, District Judge.

Plaintiff's complaint alleges that defendant is liable for treble damages in the sum of $55,734.96 for violations of Section 4(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 904(a).

Defendant moved to dismiss on the ground that said complaint fails to state a claim against it upon which relief can be granted. It also made a motion for a more definite statement of the nature of the allegations, and for a bill of particulars.

■ While the allegations are quite general, they are adequate to comply with the requirements of Rules 8(a) and 8(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

This Court had occasion recently to analyze a similar complaint in Bowles v. Flotill Products, 4 F.R.D. 499. Reference is hereby made to the opinion filed therein on September 21, 1945.

The Court believes that, in this case, as in that one, the motion for a bill of particulars should be granted. Paragraph IV of the complaint reads: "That within one year last past defendant sold and delivered frozen berries, including blackberries, boysenberries and youngberries, packed in containers other than barrels, the maximum prices for which said sales and deliveries were fixed until August 6, 1943, under said Maximum Price Regulation No. 207 and after August 6, 1943 under said Maximum Price Regulation No. 409, at prices in excess of those established under said Maximum Price Regulations."

■ Defendant is entitled to more specific and detailed information concerning these alleged overcharges. It is entitled to be informed with reference to when, where and to whom it is alleged to have sold blackberries, boysenberries and youngberries, and each of said types of berries, at prices in excess of those established under Maximum Price Regulations No. 207 and No. 409.

As was said in Bowles v. Jacobson, D.C., 4 F.R.D. 447, 448: "It could be, or should be, easy for the plaintiff to set forth the specific date or dates, as it will be required to do upon trial."

It is hereby further ordered that defendant's motions to dismiss and to make more certain are denied, and that defendant's motion for a bill of particulars is granted, and plaintiff is directed to furnish defendant, within 20 days after notice hereof, with an itemized statement of the alleged violations of said Maximum Price Regulations No. 207 and No. 409, including the dates on which and the persons to whom said defendant is alleged to have made each of the sales, the prices at which defendant so sold, and the amounts by which the prices at which the same are alleged to have been sold exceeded said maximum prices.

It is hereby further ordered that defendant be required to answer within 20 days after service of such bill of particulars.