**BOWLES v. SEBASTOPOL BERRY GROWERS ASS'N.**

Civ. No. 4945.

District Court, N. D. California, N. D.

March 8, 1946.

W. H. Brunner, of San Francisco, Cal., for plaintiff.

Albert Picard, of San Francisco, Cal., and Libby & Finn, of Sebastopol, Cal., for defendant.

WELSH, District Judge.

Plaintiff requested, and was granted, leave to file a memorandum of authorities in opposition to defendant's motion for a bill of particulars. Due consideration thereof prompts the following modification of the opinion and order heretofore rendered and made herein with respect to said motion.

As was said in Bowles v. Schultz, D.C., 54 F.Supp. 708, 710: "The granting of a bill of particulars is a matter within the sound discretion of the court but in exercising its discretion the court should not overlook general principles. Conclusions of law cannot be substituted for statements of facts forming the basis of the cause of action."

Plaintiff's complaint makes no segregation of the "blackberries, boysenberries and youngberries," alleged to have been sold as "frozen berries" "within one year last past."

In Bowles v. Yankee Brewing Co., D.C., 4 F.R.D. 503, 509, the Court pointed out: "Reference to 'amounts ranging from thirty cents (30¢) per case to fifty cents (50¢) per case' and 'seventy-five cents (75¢) and One Dollar ($1) per half barrel does not advise the defendants of the product in the 'case' or 'barrel,' nor the number of 'cases' or 'barrels' sold at the claimed overcharge." It stated: "The plaintiff must have had within its knowledge the specific number and type of product sold in order to arrive at the figure it claims to be due, and it is my opinion that the defendants should be advised of such details." It accordingly directed the plaintiff to set forth "the quantity and type of beverage sold, and amount claimed for each above ceiling."

The complaint does not set forth the dates of the alleged sales. In Bowles v. Jacobson, D.C., 4 F.R.D. 447, 448, the Court required a bill of particulars setting forth specific date or dates of alleged sales of cattle in excess of the maximum price fixed by the regulations.

In Texas Co. v. Peterson, D.C., 2 F.R.D. 452, 453, a statement was sought of the quantity of gasoline and other petroleum products sold and delivered to defendants. The Court said: "Even for the purpose of preparing a responsive pleading, this information appears to the Court to be valuable if not indispensable to the defendants. With a full and explicit statement of the plaintiff's claim before them, they may deny or admit the items of the account with more precision, detail and finality than would be possible in the face of the mere summation month by month of the items."

This Court is aware of the holdings that a bill of particulars will not ordinarily be granted upon motion unless its allowance is reasonably necessary to enable the moving party to prepare his responsive pleading, and then only to the extent that it is required for that purpose (United States v. Association of American Railroads, D.C., 4 F.R.D. 510, 528), and that the words "or to prepare for trial" in Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, have been held with comparative uniformity to add nothing to the phrase "to prepare his responsive pleading." It is believed, however, that the courts are not authorized to wholly disregard said Rule 12(e) which does provide for a bill of particulars. So long as said rule exists, this Court believes that it can serve a useful purpose of enabling a defendant to admit or deny averments with added accuracy.

Even Rule 8 should not be invoked to destroy the effectiveness of Rule 12(e). Walling v. West Virginia Pulp Co., D.C., 2 F.R.D. 416, 419. A bill of particulars herein will apprise the defendant and the Court of the specific matters relied upon by plaintiff. Westland Oil Co. v. Firestone Tire & Rubber Co., D.C., 3 F.R.D. 55, 57. This should lead, ultimately, to the simplification of the issues at the trial. It is conceivable, for example, that defendant might admit in its answer certain allegations with respect to boysenberries but deny those relating to youngberries.

Exercise of discretion leads to making an order that defendant be informed as to what quantities of the frozen berries referred to in the complaint were (a) blackberries, (b) boysenberries, or (c) youngberries.

It is further ordered that there be set forth the specific dates on which, or between which, the sales are claimed to have been made; the maximum prices therefor then established by the regulations; and the amounts by which such prices exceeded the established prices.

Plaintiff will be granted twenty days after notice hereof to serve and file his bill

of particulars, and defendant may have fifteen days thereafter to answer or to make such motion as may be advised.