**BOWLES v. ALFORD.**
Civ. No. 5434.

District Court, N. D. California, N. D.
April 29, 1946.

Galen E. Bush, of San Francisco, Cal., for plaintiff.

H. L. Chamberlain and Myron Moyle, both of Modesto, Cal., for defendant.

WELSH, District Judge.

Defendant moved for a more definite statement and a bill of particulars. The motion for a more definite statement is denied.

■ Defendant's first point is that he is entitled to know the dates when, and the persons from whom he is alleged to have demanded and received rental higher than the maximum rents permitted by the rent regulations, the amount in each case thereof higher than the maximum rent so permitted, and in each case the number or designation and location of the room or rooms for which said rents are alleged to have been demanded and received.

Plaintiff's complaint alleges in this behalf: "Since July 1, 1942 defendant demanded and received rents higher than the maximum rents permitted by said rent regulation for the use and occupancy of such accommodations." Said complaint was filed December 29, 1945.

Defendant is accordingly faced with the problem of answering the allegation that between July 1, 1942 and December 29, 1945, he violated the rent regulation for hotels and rooming houses by demanding and receiving rents higher than the maximum permitted thereby.

This Court is impressed with the fairness of defendant's contentions with respect to the first count of plaintiff's complaint. His counsel argues in his brief that what is sought by the present motion is a statement sufficient to identify the particular violations upon which the plaintiff may depend with sufficient particularity to enable defendant to answer. He points out that it is advisable to have the issues framed by the pleadings before according the parties a right to unlimited discovery as to matters which will not be put in issue.

Views relative to the exercise of judicial discretion in requiring bills of particulars in suits brought by the Administrator of the Office of Price Administration have been expressed in Bowles v. Sebastopol Berry Growers' Association, D.C., 4 F.R.D. 502 and Bowles v. Schlamberg, 5 F.R.D. 287. In accordance therewith, it is ordered that defendant's motion be granted with respect to the first count.

■ The second count of the complaint charges that defendant rented rooms without posting signs; the third count that he did not keep or make available for examination by the Administrator records showing the rents received and other matters; the fourth count that he rented certain rooms without filing any Registration Statements correctly setting forth all maximum rents established for said rooms, all as required by said Regulation. Attorneys for plaintiff argued orally and in their brief that these matters were purely within the knowledge of the defendant. The Court agrees that the defendant, either personally or by his agents and employees, has available information as to these matters so that he can answer the allegations of the complaint. His motion for bill of particulars is accordingly denied insofar as the second, third and fourth counts are concerned.